# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PRIMUS TELECOMMUNICATIONS GROUP INCORPORATED *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10867 (KG)<br><br>Jointly Administered<br><br>**Proposed Objection Deadline: June 9, 2009 at 4:00 p.m.**<br>**Proposed Hearing Date: June 12, 2009 at 10:00 a.m.** |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GOLDIN ASSOCIATES, L.L.C. AS FINANCIAL ADVISOR TO THE COMMITTEE, *NUNC PRO TUNC* TO MAY 15, 2009

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of Primus Telecommunications Group Incorporated, and its affiliated debtors (collectively, the "**Debtors**") submits this application for entry of an Order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of Goldin Associates, L.L.C. ("**Goldin**"), as financial advisor to the Committee, *nunc pro tunc* to May 15, 2009. The facts and circumstances supporting this application (the "**Application**") are as set forth herein and in the Affidavit of Rob Vanderbeek (the "**Vanderbeek Affidavit**"), which is annexed hereto as **Exhibit A** and incorporated herein by reference. In further support of this Application, the Committee respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

3. On March 16, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court has ordered joint administration of these chapter 11 cases (the "**Cases**").

4. April 24, 2009 (the "**Formation Meeting**"), the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. Following a formation meeting, the Committee selected Greenberg Traurig as its counsel. On May 15, 2009, the Committee selected Goldin Associates, L.L.C. as its financial advisor. The Committee consists of the following five members: (i) Argent Funds Group, LLC; (ii) Sam E. Squibb; (iii) HSBC Bank USA, N.A.; (iv) Deutsche Bank National Trust Company; and (v) Wells Fargo Bank, N.A.

5. On May 15, 2009, the Committee interviewed several potential financial advisors and after due deliberation and a vote, decided to retain Goldin as its financial advisor in these Cases.

## RELIEF REQUESTED

5. By this Application, the Committee respectfully requests that this Court enter an Order authorizing the Committee to employ and retain Goldin as financial advisor to the Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, *nunc pro tunc* to May 15, 2009, pursuant to the terms of the Goldin engagement as set forth in the letter agreement dated as of May 15, 2009, attached hereto as **Exhibit B** (the "**Goldin Engagement**

**Letter**"). The Committee requires assistance to review the Debtors' business prospects, analyze the valuation of the Debtors and address issues relating to substantive consolidation.

6. Goldin is a financial advisory and turnaround consulting firm specializing in underperforming businesses and distressed situations, including financial and operational restructurings, crisis management and bankruptcies. The firm, which was founded in 1990, specializes in assisting clients in complex financial matters and has extensive experience in bankruptcies and restructurings in the telecommunications industry, including matters involving WorldCom, PSINet Consulting Solutions, Adelphia, Asia Global Crossings, RSL Communications, SmarTalk Teleservices, Metromedia Fiber, Loral Space and Communications, Qwest, Star Telecommunications, Starband. In light of the size and complexity of these chapter 11 cases, the Committee requires the services of a seasoned and experienced financial advisor, and one that is familiar with the chapter 11 process. The Committee selected Goldin because of its substantial experience representing committees and creditors in complex bankruptcy cases. The Committee believes that Goldin is well-qualified to provide the advisory services and that the terms of its retention are fair and reasonable. The Committee has further determined that Goldin has the requisite resources and experience necessary to represent it as financial advisor in these Cases. The Committee submits that the employment and retention of Goldin would be in the best interest of the Debtors, their estates and their creditors.

## SCOPE OF EMPLOYMENT

7. As further set forth in the Goldin Engagement Letter[1], the professional services the Committee expects Goldin will be called upon to render include, but shall not be limited to, the following:

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Goldin Engagement Letter. In the event of any inconsistency between this summary and the Goldin Engagement Lettter, then the Goldin Engagement Letter shall control.

(a) Review of the Debtors' historical and financial information relating to the Debtors' businesses and operations;

(b) Review of the Debtors' business plan and prospects;

(c) Analysis of issues and assumptions relating to the valuation of the Debtors;

(d) Analysis of the potential recoveries of the various creditor classes and interests;

(e) Analysis of issues relating to substantive consolidation; and

(f) Perform all other financial advisory services for the Committee that may be necessary or desirable in these proceedings.

8. Subject to the Court's approval of this Application, Goldin has indicated that it is willing to serve as the Committee's financial advisor in these Cases and to perform the services described above.

## GOLDIN DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST

9. As set forth in greater detail in the Vanderbeek Affidavit, Goldin has completed a conflicts check including the following names: (a) the members of the Committee; (b) the Debtors; (c) the Debtors' Board of Directors and CFO; (d) the Debtors' advisors and professionals; (e) certain of the Debtors' lenders; (f) certain major shareholders; and,(g) certain creditors and parties-in-interest in these Cases, including those parties filing a Notice of Appearance (as of May 19, 2009) (collectively, the "**Potentially Interested Parties**"). A list of the Potentially Interested Parties is attached to the Vanderbeek Affidavit as **Exhibit 1**. Goldin researched its relationships with the Potentially Interested Parties.

10. This inquiry revealed that certain of the Potentially Interested Parties are current or former Goldin clients (the list of such clients is attached to the Vanderbeek Affidavit as **Exhibit 2**, and is referred to herein as the "**Disclosure of Connections**"). Through the information generated from the above-mentioned research, and to the extent necessary, through

follow-up inquiries with Goldin professionals responsible for certain clients, except as disclosed herein, Goldin determined that the representation of those clients on the Disclosure of Connections concerned matters <u>unrelated</u> to the Debtors or these Cases.

11. To the best of the Committee's knowledge and based upon the Vanderbeek Affidavit, (1) Goldin's connections with the Debtors, creditors, any other parties-in-interest (as reasonably known to Goldin) are disclosed at Exhibit 2 to the Vanderbeek Affidavit; and (2) the Goldin professionals working on this matter are not relatives of the United States Trustee for Region 3, or any person employed in the Wilmington Office of the United States Trustee, or any United States Bankruptcy Judge for the District of Delaware.

12. Goldin further solicited information from its employees to determine if any such employees (i) are investors in any of the Debtors or (ii) were, within two years of the Petition Date, a director, officer, or employee of any of the Debtors. No such connections have yet been discovered. In the event that any information in this regard is received, Goldin will supplement the Vanderbeek Affidavit to the extent necessary.

## **COMPENSATION AND OTHER TERMS**

13. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. *See* 11 U.S.C. § 328(a). Goldin intends to apply for compensation for professional services rendered in connection with these Cases subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Goldin. Goldin has advised the Committee that the current hourly rates applicable to the professionals proposed to represent the Committee are:

| Professional | Rate Per Hour |
|---|---|
| Senior Managing Director | $750 |
| Managing Director | $500-$700 |
| Director | $400-$500 |
| Vice President | $375-$450 |
| Manager | $300-$400 |
| Senior Analyst | $250-$375 |
| Analyst | $150-$300 |

The Committee understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

14. The hourly rates set forth above are Goldin's current hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Goldin for its work and to cover fixed and routine overhead expenses. It is Goldin's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Goldin will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to Goldin's clients and the expense billing guidelines of the Office of the United States Trustee for Region 3. Goldin believes that these expenses should fairly be charged to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients. In addition, Goldin intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of the Application, and related documents, as well as any monthly fee statements or interim or final fee applications.

15. Other than as set forth herein, there is no proposed arrangement to compensate Goldin. Goldin has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with the directors, managers, vice presidents, analysts and associates of Goldin, or (b) any compensation another person or party has received or may receive.

## REQUEST FOR APPROVAL OF RETENTION OF GOLDIN *NUNC PRO TUNC* TO MAY 15, 2009

16. The Committee requests that the approval of Goldin's retention be approved *nunc pro tunc* to May 15, 2009. Due to the size and complex nature of these Cases as well as the significant relief sought by the Debtors during the early stages of these Cases, there was an immediate need for Goldin to perform services for the Committee. The Committee has sought authorization to retain Goldin as soon as reasonably practicable. The Committee submits that these circumstances warrant such approval. *See, e.g., F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 103 (3d Cir. 1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989).

## NOTICE AND NO PRIOR APPLICATION

17. No prior application for the relief sought in this Application has been made in this or any other court. No trustee or examiner has been appointed in these Cases. Notice of this Application has been given to the Office of United States Trustee, counsel to the Debtors, and parties that have requested service pursuant to Fed. R. Bankr. P. 2002 in these Cases. The Committee submits that, given the nature of the relief requested, no further notice is necessary.

## CONCLUSION

WHEREFORE, based upon the foregoing, the Committee respectfully requests that the Court enter an order substantially in the form annexed hereto (a) granting this Application, (b)

authorizing the Committee to retain and employ Goldin as its financial advisor in these Cases, *nunc pro tunc* to May 15, 2009, pursuant to the terms of the Goldin Engagement Letter, and (c) granting such other and further relief as this Court may deem just and proper.

Date: June 2, 2009

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PRIMUS TELECOMMUNICATIONS GROUP INCORPORATED . ET AL.

HSBC BANK USA, N.A.

By: *Sandra E. Horwitz*
Name: Sandra E. Horwitz
Title: Vice President