# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> PRIMUS TELECOMMUNICATIONS GROUP INCORPORATED *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 09-10867 (KG) <br><br> Jointly Administered |

**AFFIDAVIT OF RICHARD VANDERBEEK JR. IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PRIMUS TELECOMMUNICATIONS GROUP, INCORPORATED, ET AL., PURSUANT TO 11 U.S.C. §§ 328 AND 1103, FED. R. BANKR. P. 2014 AND 5002, AND LOCAL RULE 2014-1 FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF GOLDIN ASSOCIATES LLC AS FINANCIAL ADVISOR, *NUNC PRO TUNC* TO MAY 15, 2009**

Pursuant to Rule 2014(a) of the Federal rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") and 28 U.S.C. 1746, Richard Vanderbeek Jr. ("**Rob Vanderbeek**" or "**Vanderbeek**") hereby declares under penalty of perjury:

1. I am a Managing Director of Goldin Associates LLC ("**Goldin**"), and am duly authorized to execute this Affidavit (the "**Affidavit**") on behalf of Goldin. I make this in support of the Application of the Official Committee of Unsecured Creditors Of Primus Telecommunications Group, Incorporated, et al., Pursuant to 11 U.S.C. §§ 328 (a) and 1103, Fed. R. Bankr. P. 2014 and 5002, and Local Rule 2014-1 For Entry Of An Order Authorizing the Retention and Employment of Goldin Associates LLC as Financial Advisors, *nunc pro tunc* to May 15, 2009 (the "**Application**"). A copy of the Affidavit is attached to the Application as **Exhibit A**. I am familiar with the matters set forth herein and, if called as witness, I could and would testify thereto. Unless otherwise

1

defined herein, all bolded terms used herein have the meanings ascribed to them in the Application.

2. Goldin is a financial advisory and turnaround consulting firm specializing in underperforming businesses and distressed situations, including financial and operational restructurings, crisis management and bankruptcies. The firm, which was founded in 1990, has extensive experience in bankruptcies and restructurings in the telecommunications industry, including matters involving WorldCom, PSINet Consulting Solutions, Adelphia, Asia Global Crossings, RSL Communications, SmarTalk Teleservices, Metromedia Fiber, Loral Space and Communications, Qwest, Star Telecommunications, Starband, and numerous others.

3. Goldin has agreed to provide financial advisory services to the Creditors' Committee in the above-captioned chapter 11 cases, pursuant to the terms and conditions of the engagement letter dated as of May 15, 2009, between the Creditors' Committee and Goldin (the "**Goldin Engagement Letter**"). A copy of the Goldin Engagement Letter is attached to the Application as **Exhibit B.** No agreement exists to share any compensation received by Goldin for its services with any person or firm.

4. The terms and conditions of the Goldin Engagement Letter were negotiated between the Creditors' Committee and Goldin, and reflect the parties' mutual agreement as to the sophisticated nature of the work that will be required in this engagement. As is customary in similar engagements, both in and outside of bankruptcy, the Goldin Engagement Letter provides for Goldin to compensation based on its standard hourly billing rates, with time billed in increments of one-tenths of an hour. Taking into account the complex nature of the work attendant to this engagement, the terms contained in the Goldin Engagement Letter are similar to the terms agreed to by Goldin and other

2

financial advisory firms in similar restructuring engagements, both in and outside of bankruptcy.

5. Goldin is a "**disinterested person**" as that term is defined in section 101(14) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in that Goldin:

a. is not a creditor, equity security holder or insider of the Debtors;

b. is not and was not an investment banker for any outstanding security of the Debtors;

c. has not been, within three (3) years before the date of the filing of the Debtors' chapter 11 petition, (i) an investment banker for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors; and

d. is not and, was not, within two (2) years before the date of the filing of the Debtors' chapter 11 petition, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

6. Moreover, to the best of my knowledge, information and belief formed after reasonable inquiry, Goldin and its affiliates, professionals and employees have no materially adverse interest to the Debtors' estates or the creditors in these case.

7. To determine its relationship with the parties-in-interest in these cases, Goldin researched the following individuals and entities (collectively, the "**Potentially Interested Parties**"), that were identified by Goldin and provided by the Committee counsel:

a. the members of the Committee;

b. the Debtors;

c. the Debtors' Board of Directors and CFO;

d. the Debtors' advisors and professionals;

3

e. certain of the Debtors' lenders;

f. certain major shareholders; and,

g. certain creditors and parties-in-interest, including those parties filing a Notice of Appearance (as of May 19, 2009).

A list of the Potentially Interested Parties is attached to the Affidavit as **Exhibit 1**. This research confirmed that Goldin has no materially adverse interest to the Debtors' estates or the creditors in these cases. Goldin's research of it's relationships with the Potentially Interested Parties indicated that during the past three years Goldin has provided or is providing services, or has a financial relationship or connection to certain entities in matters <u>unrelated</u> to these cases, and Goldin has so indicated these on the attached **Exhibit 2**, which is referred to herein as the **"Disclosure of Connections"**. Of those parties listed on the Disclosure of Connections, no party accounted for more than 5% of Goldin's revenues for 2008.

8. In addition, and by way of supplemental disclosure:

a. From time to time, Goldin has provided services, and likely will continue to provide services, to certain creditors of the Debtors and various other parties adverse to the Debtors in matters unrelated to these chapter 11 cases. As described above, however, Goldin has undertaken a detailed search to determine, and to disclose, whether it has been employed by any significant creditors (including banks), equity security holders, insiders or other parties-in-interest in such unrelated matters;

b. Goldin provides services in connection with numerous cases, proceedings and transactions unrelated to these chapter 11 cases, including representing Debtors and creditors' committees in chapter 11 proceedings and in out-of-court

restructurings. All of these matters involve numerous attorneys, professionals and creditors, some of whom are, or may be, attorneys, professionals and creditors of the Debtors in these chapter 11 cases;

c. Goldin personnel may have business associations with certain creditors of the Debtors unrelated to these chapter 11 cases. In addition, in the ordinary course of its business, Goldin will work and engage counsel or other professionals in unrelated matters who now represent, or in the future may represent, creditors or other interested parties in these chapter 11 cases;

d. Goldin has thousands of clients, past and present, who are located throughout the United States and abroad, in a variety of industries. While Goldin has not advised any of these parties in connection with these chapter 11 cases, it is possible that certain of these parties, their creditors and the related professionals may have some relationship to the Debtors or their creditors in these cases;

e. Goldin and its affiliates have over 20 employees, some of whom may have personal investments in the Debtors. Goldin has placed the Debtors on their "restricted list", which precludes any employee from trading in the securities of the Debtors; and

9. To the extent Goldin discovers any facts bearing on the matters described herein during the period of Goldin's retention, it is Goldin's policy to supplement the information contained in this Affidavit.

10. Goldin is not a prepetition creditor of the Debtors.

11. Goldin will apply to the Court for payments of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Engagement Letter, and pursuant to any additional procedures that may be established by the Court in these cases.

12. The foregoing constitutes the statement of Goldin pursuant to Bankruptcy Rule 2014.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June __1__, 2009

By: _____
Name: Richard R. Vanderbeek, Jr.
Title: Managing Director

Sworn to and subscribed before me this
_1st_ day of June 2009.

_____
Notary Public

STATE OF NEW YORK
COUNTY OF NEW YORK
My Commission Expires 4-24-2010

Theresa A Bertone
Notary Public
State Of New York
Qualified Kings County
01BE6040681
Commission Expires 4-24-2010

7

Exhibit 1
# In re: Primus Telecommunications Group, Incorporated et al.
## Potentially Interested Parties – Goldin Associates, LLC

**Debtors**
Primus Telecommunications Group, Incorporated
Primus Telecommunications Holdings, Inc.
Primus Telecommunications IHC, Inc.
Primus Telecommunications International, Inc.

**Committee Members**
Argent Funds Group, LLC
Deutsche Bank National Trust Company
HSBC Bank USA, N.A
Sam E. Squibb
Wells Fargo Bank, N.A.

**Lenders**
Bank of New York Mellon Corporation
Lehman Brothers, Inc.
Lehman Commercial Paper, Inc.
Optus Networks Pty. Ltd.
The Anschutz Corporation
Guggenheim Corporate Funding, LLC

**Directors and Officers**
John F. DePodesta
K. Paul Singh
Thomas R. Kloster
David E. Hershberg
Pradman Kaul
Paul G. Pizzani
Douglas M. Karp
John G. Puente

**Creditors**
Archer Capital Management, L. P
Archer Capital Master Fund L.P.
Bank of New York Mellon Corporation
Bear, Sterns & Company, Inc.
Catalyst Credit Opportunity Master Fund Ltd.
Catalyst Fund L.P.
Deloitte & Touche
Deloitte Tax
First Union Bank
Grant Peck

1

Highbridge Capital Management
Intrado Inc.
J.P. Morgan Chase
J.P. Morgan Securities Inc.
Millenco LLC
Phoenix Investment Adviser
Quattro Global Capital, LLC
Remus Holdings, LLC
Southpaw Asset Management LP
State of Michigan, Department of Treasury
State of Missouri, Department of Revenue
TW Telecom Inc. (f/k/a Time Warner Telecom Inc.)
U.S. Bank National Association
UBS Willow Fund LLC
Wachovia Bank, N.A.
Wilfrid Aubrey LLC
York Capital Management

**<u>Professionals</u>**
Alvarez & Marsal
Andrews Kurth LLP
Bayard, P.A.
CRT Investment Banking LLC
Deloitte LLP
Drinker Biddle & Reath LLP
Entwistle & Cappucci LLP
Epiq Bankruptcy Solutions
Financial Balloting Group LLC
Foley & Lardner LLP
Fried, Frank, Harris, Shriver & Jacobson LLP
Greenberg Traurig LLP
Maslon Edelman Borman & Brand, LLP
Morrison Cohen LLP
PricewaterhouseCoopers LLP
Rosenthal, Monhait & Goddess, P.A.
Sitrick and Company
Skadden, Arps, Slate, Meagher & Flom LLP
Stroock & Stroock & Lavan LLP
Sullivan & Cromwell LLP

**<u>Shareholders</u>**
AIG Global Sports & Entertainment Fund
American International Group
Citigroup, Inc.
Morgan Stanley & Company

**Indenture Trustees**
U.S. Bank N.A.

**Interested Parties**
J. Scott Douglas

**Government and Regulatory Agencies**
Attorney Generals Office
US Attorney's Office
Delaware Department of Labor
Delaware Department of Revenue
Federal Communications Commission
Internal Revenue Service
Division Of Corporations Franchise Tax
Secretary of Treasury - Delaware
Securities & Exchange Commission
National Association of Attorneys General

**Exhibit 2**
**In re: Primus Telecommunications Group Incorporated et al.**
**Disclosure of Connections – Goldin Associates LLC**

- AIG. An affiliate of AIG provides insurance to Goldin. An affiliate of AIG is a lender to an unrelated company to which Goldin is providing interim management services.

- Bank of New York Mellon. Bank of New York Mellon is indenture trustee for bondholder creditors of an unrelated Debtor administered by Goldin pursuant to a court-approved bankruptcy plan. BNY is a custodian for investments in an unrelated company for which Goldin is providing interim management services.

- Citicorp. Goldin is engaged by a law firm to provide consulting services in an unrelated matter in which Citicorp is one of several clients of the firm. Citicorp is a member of oversight board of Pegasus Gold Trusts of which Goldin is trustee. Goldin maintains depository accounts at the bank in matters in which Goldin invests or oversees trust funds or DIP accounts. Citicorp is a lender to an unrelated company to which Goldin is providing interim management services. .

- Deutsche Bank National Trust Company. Goldin is engaged by a law firm to provide consulting services in an unrelated matter in which Deutsche Bank National Trust Company is a client of the law firm. Deutsche Bank is a swap counterparty to an unrelated company to which Goldin is providing interim management services.

- Epiq Bankruptcy Solutions. The company is claims agent in other bankruptcies in which Goldin is engaged.

- Fried Frank. The law firm represents the state regulator in an unrelated matter in which Goldin is providing interim management services to a regulated company.

- Greenberg Traurig LLP. The law firm previously engaged Goldin to provide financial advisory services in connection with unrelated litigation. The attorney's in charge of the matter subsequently left the firm and Goldin no longer provides those services to the firm.

- HSBC and HSBC Mexico. Goldin is engaged by a law firm to provide consulting services in an unrelated matter in which HSBC is one of several clients of the firm. HSBC, as trustee, is a member of a creditors committee that separately engaged Goldin as an advisor in an unrelated matter. HSBC is a swap counterparty to an unrelated company to which Goldin is providing interim management services.

1

- JPM Chase. Goldin is financial advisor to a law firm that is advising a lender group in an unrelated matter in which JPM Chase is a participant. JPM Chase was prepetition and DIP lender in an unrelated matter in which a Goldin consultant was a member of a board of directors. Goldin maintains depository accounts at JPM Chase in matters in which Goldin invests or oversees trust funds or DIP accounts. Goldin maintains a business line of credit with the bank. JPM Chase is a lender to an unrelated company to which Goldin is providing interim management services.

- Lehman. Lehman is a swap counterparty to an unrelated company to which Goldin is providing interim management services.

- Morgan Stanley. Morgan Stanley is a swap counterparty to an unrelated company to which Goldin is providing interim management services.

- Morrison Cohen LLP. Goldin provides financial advisory services to independent directors of an unrelated company who are advised by the law firm.

- PriceWaterhouseCoopers. PWC is auditor of several unrelated companies in matters in which Goldin is providing interim management, restructuring advisory or financial advisory services to companies or creditors. PWC was defendant in an unrelated matter in which Goldin was plaintiff acting in a representative capacity as trustee pursuant to a confirmed bankruptcy plan. The firm's work may be the subject of review and investigation in some of these matters.

- Skadden. The law firm represents Goldin in an unrelated matter in which Goldin is acting in a representative capacity and has represented Goldin in similar capacities in the past.

- UBS. Goldin is engaged by a law firm to provide consulting services in an unrelated matter in which UBS is one of several clients of the firm. UBS is a swap counterparty to an unrelated company to which Goldin is providing interim management services.

- US Bank NA. US Bank is an indenture trustee for bondholders of an unrelated company to which Goldin is providing interim management services. A former managing director of Goldin is an officer of US Bank.

- Wachovia Bank. Goldin was litigation consultant to Wachovia Bank in an unrelated matter now concluded. Wachovia is agent for secured lenders to an unrelated company to which Goldin is providing restructuring advisory and interim management services.

- Wilfrid Aubrey LLC. Wilfrid is a member of a creditors committee in an unrelated matter in which a Goldin consultant is a mediator.

# **EXHIBIT B**



**GoldinAssociates, LLC**
350 Fifth Avenue
The Empire State Building
New York, New York 10118
Tel:    212 593 2255
Fax:   212 888 2841
www.goldinassociates.com

May 15, 2009

The Official Committee of Unsecured Creditors
of Primus Telecommunications Group, Inc. and its affiliated debtors and debtors-in-possession
(the "Debtors")

Re:    **Primus Telecommunications Group, Inc. (the "Company")**

Dear Committee Members:

       This letter confirms the terms and conditions pursuant to which Goldin Associates, L.L.C. ("Goldin") shall provide certain financial advisory services to the Official Committee of Unsecured Creditors of Primus (the "Committee"). The services to be provided hereunder shall be performed at the direction and under the supervision of Greenberg Traurig, LLP ("Greenberg") in connection with its legal representation of the Committee and shall constitute attorney work product and be subject to the Committee's attorney client privilege. The fees, expenses and costs will be paid directly by the Company in accordance with procedures established in the Company's chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); neither the Committee nor Greenberg will be responsible for the payment of such fees, expenses or costs.

Scope of Services.

       Services to be provided by Goldin as the Committee's financial advisor will include, to the extent requested by Greenberg: (a) review of the Debtors' historical and financial information relating to the Debtors' businesses and operations, (b) review of the Debtors' business plan and prospects, (c) analysis of issues and assumptions relating to the valuation of Primus, (d) analysis of potential recoveries of the various creditor classes and interests, (e) analysis of issues relating to substantive consolidation, and (f) such other and additional matters as the Committee and its counsel may request.

Privileged & Confidential

In addition to the above services, we understand that we may be requested to participate in meetings and discussions with the Company, the Company's prepetition and postpetition lenders, the Committee, other creditor constituencies and their respective professionals.

As indicated above, Goldin will act at the direction of and under the supervision of Greenberg to assist them in rendering legal advice and performing legal services for the Committee. We understand that work performed by us as part of this engagement, including, without limitation, any reports we may prepare, constitute privileged and confidential communications. We understand that any document prepared by us is prepared for Greenberg and is the property of Greenberg. Before submitting our reports, it may be necessary and appropriate for us to review certain information with management of the Company for accuracy and validity. Written reports generated by Goldin will not be given to the Committee without Greenberg's prior approval.

In order for us to perform our services, it may be necessary for our personnel to have access to certain books, records and reports of the Company, and have discussions with its personnel. We understand that you and the Committee will seek to ensure that we have the necessary access to the Company's management, records and other data; limited access may restrict our ability to perform our services as previously described in this letter. Accordingly, we understand that the Company has an obligation to cooperate with our personnel, and to make available its personnel, professionals and any books, records and other sources from which data can be obtained. We also note that the requirements of this engagement may require our personnel to be on site to review data located at the offices of the Company and to discuss matters with its personnel and professionals.

Our work will encompass only matters that come to our attention in the course of work that we perceive to be significant in relation to the objectives of our engagement. We will not have unlimited time and resources available for our work. Because of this, we may not discover all such matters or perceive their significance. Also, we do not know the condition of the Debtors' books and records and the quality of information that will be available to us. Accordingly, we will not provide assurances respecting the integrity of the information used in our analyses and on which our findings and advice to Greenberg or the Committee may be based. We understand that we are not being requested to perform an audit or to apply generally accepted auditing standards or procedures. We understand that we are entitled, in general, to rely on the accuracy and validity of the data and information disclosed to us or supplied to us by employees and representatives of the Company. We will not, nor are we under any obligation to, update data reviewed and work performed by us unless you specifically request us to do so.

<u>Information and Confidentiality.</u>

We understand that Greenberg and the Committee have agreed to treat any information received from Goldin, whether orally or in writing, in confidence and, except as provided in this letter, will not publish, distribute or disclose in any manner any information developed by or received from us without our prior written approval (except for disclosure to the Committee and its members, and their respective advisors, to whom you may disclose such information without our prior approval). Our approval shall not be unreasonably withheld and is

not needed if (a) the information sought is required to be disclosed by process of law or to comply with any applicable regulatory requirements, (b) such information is publicly available or (c) such information is shared with you or the Committee members by the Company.

We agree that all information not publicly available which is received by us from Greenberg, the Committee or the Company in connection with this engagement will be treated confidentially by Goldin, except as required by process of law or as authorized by Greenberg and/or the Committee. If access to any of the materials in our possession relating to this engagement is sought by a third party, we will promptly notify you of such action, tender to you our defense responding to such request and cooperate with you concerning our response thereto. In the event that we are subpoenaed as a result of any work performed for you in connection with this engagement, you agree that we will be compensated for our time involved in responding to such subpoena(s).

We recognize that Greenberg, as counsel to the Committee, is our exclusive client in this engagement and, both during and after the termination of this engagement, we will consider all work done in respect of this engagement to be confidential, protected by the attorney-client privilege and protected by the attorney work-product doctrine.

Fees and Expenses.

Our fees will be based on the actual hours charged at our standard hourly rates that are in effect when the services are rendered. Our rates are subject to revision from time to time and are generally revised annually effective on January 1. A schedule of our current hourly rates is attached. All professional time will be billed in increments of tenths of an hour, and all invoices will include sufficient detail to permit Greenberg and the Committee to assess the reasonableness of the time expended and the services rendered. We will also be reimbursed for our reasonable out-of-pocket expenses including, but not limited to, travel, hospitality, costs of reproduction, research, communications, our legal counsel, any applicable sales or excise taxes and other direct expenses.

We will submit monthly fee statements in accordance with the interim compensation procedures approved in the Company's chapter 11 cases, with copies to Greenberg and the Committee, and will include in such statements reasonable detail of the services rendered and expenses incurred. It is our understanding that all of our invoices will be paid by the Company, in accordance with the interim compensation procedures, the Bankruptcy Code and applicable orders of the Bankruptcy Court.

Limitation on Services and Liability.

Goldin will not perform accounting or auditing services and will not be responsible for independently verifying the accuracy of source information generated or provided by the Company, Greenberg, the Committee (or members thereof) and third parties. Goldin's services will not include providing financial advice in connection with a public offering or sale of securities. Goldin shall have no liability for any losses, claims, damages or liabilities arising from or relating to this engagement, whether by reason of Goldin's negligence or otherwise, unless such losses arise from the gross negligence or willful misconduct of Goldin. Any liability of Goldin (other than liability for willful

misconduct) will be limited to fees actually paid pursuant to this agreement. Goldin shall not, under any circumstances, be liable for any consequential damages in connection with this agreement. In performing services pursuant to this agreement, Goldin is not assuming any responsibility for Greenberg's or the Committee's decision to pursue (or not to pursue) any strategy or to effect (or not to effect) any settlement, transaction or restructuring.

The services to be provided hereunder shall not include any advice in connection with identifying potential sources of investment for the Company or any of its businesses. Should the Committee require any such services, the terms and conditions therefore would be set forth in a separate or amended engagement letter.

Conflicts and Disclosure.

We confirm that no principal or staff member of Goldin has any financial interest or business connection with the Company, and we are aware of no conflicts in connection with this engagement other than those set forth in Goldin's affidavit accompanying the Committee's application to retain Goldin.

Termination.

We confirm that Greenberg or the Committee can terminate this agreement at any time; provided, however, that such termination shall not relieve the Company from any payment obligation arising hereunder prior to the date of such termination or withdrawal.

In the event that Goldin shall be unable to perform its duties under this agreement for any reason for a period of thirty of (30) days or more, the Committee or Greenberg may terminate this Agreement upon written notice to Goldin. In such event, Goldin shall be paid for time expended through the date of cessation of Goldin's performance of its duties and shall have no liability relating to such termination.

Other Provisions.

This letter agreement shall be governed by the laws of the State of New York and the applicable provisions of the Bankruptcy Code.

This agreement and payments made hereunder shall be subject to the approval of the United States Bankruptcy Court, which approval shall be nunc pro tunc to May 15, 2009.

This letter agreement may be executed in one or more counterparts, each of which, when executed and delivered, shall be deemed to be an original but all of which taken together shall constitute one and the same agreement. Delivery of an executed counterpart by facsimile, email or similar electronic means shall be effective as delivery of a manually executed counterpart.

We look forward to working with you on this matter. Please sign and return a copy of this engagement letter signifying your agreement with the terms and provisions herein. If you have any questions, please call Seymour Preston at (212) 593-2255.

Very truly yours,

Goldin Associates, L.L.C.

By: *[signature]*

Agreed by: SEYMOUR PRESTON JR
           MANAGING DIRECTOR

By:   On behalf of the Members of the Official Committee
      of Unsecured Creditors

     **HSBC BANK USA, N.A.**

     By: *[signature]*
     Name: SANDRA E HORWITZ
     Title: VICE PRESIDENT

## Goldin Associates, L.L.C.

### Standard Hourly Rates

| | |
|---|---|
| Senior Managing Director | $750 |
| Managing Director | $500-700 |
| Director | $400-500 |
| Vice President | $375-450 |
| Manager | $300-400 |
| Senior Analyst | $250-375 |
| Analyst | $150-300 |
| Associate | $100-200 |

Privileged & Confidential